JUSTIN T. BERGER (SBN 250346)
jberger@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

GRACE Y. PARK (SBN 239928)
gpark@cpmlegal.com
THERESA E. VITALE (SBN 333993)
tvitale@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
2716 Ocean Park Blvd., Suite 3088
Santa Monica, CA 90405
Telephone: (310) 392-2008
Facsimile: (310) 392-0111

*Attorneys for Relators*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE: SUBPOENA TO NON-PARTY AHI SOLUTIONS, INC.,**<br><br>RELATED TO CASE NO. 2:20-CV-07736-MWF-PD IN THE CENTRAL DISTRICT OF CALIFORNIA | **MISC. CASE NO.: 4:23-mc-80083**<br><br>***QUI TAM* PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ENFORCE COMPLIANCE WITH SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed concurrently with Declaration of Justin T. Berger and Proposed Order]*<br><br>Action filed: August 21, 2020<br>Trial Date: October 24, 2023 |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE that Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Relators Curt Canales and Doug Bellows ("Relators") will and hereby move to enforce compliance with their Subpoena to Produce Documents, Information, or Objections, or to Permit Inspection of Premises in a Civil Action (the "Subpoena") served on AHI Solutions, Inc. ("AHI") on a forthcoming date and time relating to *United States of America* ex rel. *Curt Canales and Doug Bellows v. Nationwide Medical, inc*., United States District Court for the Central District of California, Western Division Case No. CV 20-7736 MWF (PDx).

AHI is withholding documents that are highly relevant to Relators' underlying False Claims Act case against NMI, which alleges a fraudulent kickback scheme against the United States that caused NMI to submit millions of dollars in false claims to the Medicare program. AHI is not a typical uninvolved third-party, given that it financially benefitted from NMI's fraud. Relators respectfully ask the Court to enforce the subpoena.

Counsel for Relators certifies that it has met and conferred in good faith with AHI in an attempt to resolve the disputed matter before filing this action. (*See* Declaration of Justin T. Berger in Support of Relators' Motion to Enforce Compliance with Subpoena.) Despite the good faith efforts of counsel, the meet and confer was unsuccessful and Relators were forced to bring this Motion.

Dated: March 22, 2023

**COTCHETT, PITRE & McCARTHY, LLP**

By: *<u>/s/Justin T. Berger</u>*
JUSTIN T. BERGER
GRACE Y. PARK
THERESA E. VITALE
*Attorneys for Relators*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND BACKGROUND

Relators' underlying action on behalf of the United States alleges that NMI, a durable medical equipment provider that specializes in medical device components that treat sleep apnea, including Continuous Positive Airway Pressure ("CPAP") and Bilevel Positive Airway Pressure ("BiPAP") devices, paid kickbacks to healthcare providers to induce referrals of Medicare patients in violation of: (1) the Anti-Kickback Statute, 42 U.S.C. § 1320a-7; (2) the Stark Law, 42 U.S.C. 1395nn; (3) the payment prohibition for sleep equipment and services, 42 C.F.R. § 424.57(f); and (4) the False Claims Act, 31 U.S.C. §§ 3729, et seq.

As part of a three-pronged fraudulent scheme, NMI enters into sham Equipment Consignment and Services Agreements ("sham agreements") with Physicians and sleep labs - including AHI - and pays kickbacks to Physicians and sleep labs for patient referrals that result in NMI CPAP sales. The amount of the fee depends on how many referrals the sleep lab promises to provide and not any purported services offered or completed by the sleep lab. NMI also bills Medicare for CPAP devices for patients whose sleep tests were ordered by direct or indirect affiliates of NMI and completed at home, in violation of 42 CFR 424.57(f).

In short, Relators allege that NMI paid cash for referrals to entities such as AHI – and attempted to disguise the *quid pro quo* as legitimate service agreements. Accordingly, Relators are entitled to full discovery into those agreements, and the extent to which services were provided pursuant to the agreements, from *both sides* of the *quid pro quo*. Despite receiving tens of thousands of dollars in kickback payments from NMI, AHI has produced no documents justifying those payments, and has now simply gone dark. Accordingly, Relators are forced to bring this Motion.

### A. The Subpoena for Production of Records

On September 20, 2022, Hon. Magistrate Judge Patricia Donahue of the Central District of California entered the Parties' proposed stipulated protective order, which

principally protects the privacy of individual patient records. Soon thereafter, Relators served 19 subpoenas to third party Sleep Labs and Subcontractors who had entered into sham referral agreements with Defendant NMI from 2010 to the present, including AHI. Relators served their Subpoena to Produce Documents to AHI on November 3, 2022, with a production date of November 30, 2022. (Berger Decl. ¶ 3, Ex. B.)

Relators seek to enforce the following categories of document requests in the AHI subpoena, which are directly relevant Relators' claims in the underlying action, and which are in AHI's sole possession, custody and control, as they have not been located or produced by Defendant NMI:

**Request No. 1:** Communications and negotiations related to AHI's agreements with NMI.

**Request No 2:** Documents concerning or referencing any agreements or side deals AHI entered into with NMI.

**Request No. 3:** Communications concerning or referencing the payment rate and any underlying data or information relied upon to calculate the payment rate in AHI's agreements with NMI.

**Request No. 4:** Communications concerning patient referrals.

**Request No. 5:** Documents concerning services provided pursuant to any agreement or side deal between AHI and NMI;

**Request No. 7:** Billing, reimbursement, payment, recoupment, refund, and/or reconciliation data for all patients that AHI serviced pursuant to any agreements between AHI and NMI.

**Request No. 8:** Documents concerning, referencing and/or reflecting goods or services that AHI provided pursuant to any agreements, including but not limited to any Equipment Consignment and Services Agreement, with NMI.

**B. AHI's Financial Arrangement with NMI**

Based on discovery conducted thus far in the underlying matter, AHI first entered into an agreement with NMI in 2013. (Berger Decl. ¶ 4, Ex. C.). The agreement was

renewed the following year and the two companies continued to work together until at least 2019. Pursuant to the agreements, NMI engaged AHI "to provide [equipment setup, Patient instruction, and related services] to [Vendor] Patients." (Berger Decl. ¶ 3, Ex. B.). AHI was paid a lump sum each month purportedly to provide the described services. (Berger Decl. ¶¶ 4-5, Ex. B, C.). In reality, after the first year, AHI was paid in arrears for the volume of referrals provided the year before. For example, NMI paid AHI $2,250.00 every month for a total of $27,000.00 from July 2019 through July 2020. (Id). No documents have been produced in the underlying matter that describe any actual services provided by AHI pursuant to the NMI agreements. (Berger Decl. ¶ 7.)

**C. AHI's Document Production is Insufficient**

Though AHI produced some documents in response to the Subpoena, the production is incomplete and insufficient. The only documents that have been produced are (1) 2019 NMI Agreement; and (2) copies of some of the checks NMI sent AHI in 2018 and 2019. (Berger Decl. ¶ 7.) Relators' subpoena included nine requests, seven of which remain at issue. The requests generally seek documents and communications with Nationwide and specifically request communications related to the negotiations of the compensation NMI paid AHI pursuant to their written agreements. No emails, letters, text messages or other form of communication have been produced.

The requests also generally seek billing, reimbursement, and/or reconciliation data for patients serviced by AHI and/or NMI pursuant to the Agreements the companies entered into. No billing, reimbursement or reconciliation data for any patient has been produced.

Finally, the requests seek documents and communications related to the services AHI provided pursuant to the terms of its agreements with NMI, including, "equipment setup, Patient instruction, and related services." No documents related to any services provided by AHI have been produced.

//

//

**D. AHI Refuses to Produce Additional Documents Responsive to the Subpoena**

AHI was served with Relators' subpoena on November 3, 2022 via its Registered Agent, Angelo D. Miller. (Berger Decl. ¶ 3, Ex. B.). The initial production date on the subpoena was November 30, 2022. AHI failed to respond to the subpoena with objections, written responses or documents. (Berger Decl. ¶ 6.) Relators sent a follow-up letter to AHI c/o Mr. Miller on December 1, 2022, offering an extension until December 15, 2022. (Berger Decl. ¶ 6, Ex. E) On December 9, 2022, AHI served the 2019 NMI agreement and 17 pages of checks and deposit from 2018 to 2020. (Berger Decl. ¶ 7.) Mr. Miller also sent a cover letter advising,

> "enclosed you will find the only documents, information that remains in the possession of AHI Solutions, Inc, its Officers, and Staff. Our organization no longer has any business with Nationwide Medical and all other items information have been purged. We only retain Staff & Patient information for extended periods." (Berger Decl. ¶ 7, Ex. F).

On February 7, 2023, Relators' counsel sent a letter to AHI asking to schedule a call to confirm whether AHI did not in fact have any other responsive records, given the limited production received. (Berger Decl. ¶ 8, Ex. G.) In particular, Relators sought to clarify whether patient medical, billing, and/or set-up service records responsive to the subpoena, which AHI stated were retained for "extended periods;" or emails, which might remain on AHI's system despite other "information hav[ing] been purged," would be produced. Relators did not receive a response. (Id.)

On February 22, 2023, Relators' counsel sent another letter, reiterating the request for a phone call and concern related to the limited documents produced thus far. (Berger Decl. ¶ 9, Ex. H.). Additionally, Relators' counsel warned that if no response was received by March 7, 2023, Relators would be forced to move to compel all responsive documents. (Id.)

Relators received no response. (Id.) On March 6, 2023, Relators' counsel, Theresa Vitale, called AHI and asked to speak with Mr. Miller. (Berger Decl. ¶ 10.) Mr. Miller

answered the phone and stated that AHI is not a party to the underlying action and is not obligated to respond. (Id.) Ms. Vitale attempted to explain to Mr. Miller the reason for the subpoena, follow up letters and phone call, but Mr. Miller hung up after stating that Relators would need to go to Court to require AHI do anything further in response to the subpoena. (Id.)

This motion and miscellaneous action followed.

## II. LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure permits a party to obtain documents from a non-party by serving a subpoena on the non-party, with prior notice to all other parties. Fed. R. Civ. P. 45(a)(3), (a)(4). The scope of permissible discovery of non-parties under Rule 45 is generally commensurate with the scope of discovery set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b).").

Rule 26(b) permits discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

If a party fails to comply with a subpoena, the serving party may request the court to compel the subject of the subpoena to produce the documents. *See* Fed. R. Civ. P. 45(d)(2)(B). Rule 45 further provides that "the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed. *Goodman v. United States*, 369 F.2d 166, 169 (9th

Cir. 1966).

## III. ARGUMENT

### A. The Court Should Enforce the Subpoena Because it was Properly Issued and Complies with all Applicable Procedural Rules

Relators' Subpoena to AHI was properly issued and served on AHI's registered agent, Angelo Miller, pursuant to FRCP Rule 45(a) and (b). (Berger Decl. ¶ 3, Ex. B.). Defendant NMI received proper prior notice of the Subpoena. (Berger Decl. ¶ 11, Ex. I.) Rule 45(c)(2)(A) states that a subpoena may command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." The California Secretary of State lists AHI's principal address as: 400 29th Street #208, Oakland, CA 94609. As such, the Northern District of California is the proper venue for bringing this motion to enforce compliance with the subpoena and having been served with a proper subpoena, there is no excuse for AHI's non-compliance. See Rule 37(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken."); see also Rules 45(e)(2)(B); (d)(1); and (d)(3)(A).

Neither AHI nor Defendant NMI have contested the compliance of the format, substance or manner of issuance of the Subpoena. (Berger Decl. ¶ 11.) As such, this Court should enforce the Subpoena and order AHI to produce all responsive documents in its possession, custody, and control.

### B. AHI Waived all Objections by Failing to Timely Respond

As noted, Relators served their subpoena on November 3, 2022. (Berger Decl. ¶ 3.) AHI did not produce any documents in response to the subpoena until December 9, 2022, nine days after the deadline to do so and only after counsel for the Relators pestered them for a response. (Berger Decl. ¶¶ 6-7.) AHI has never served written responses or objections. (Berger Decl. ¶ 6.) Having failed to timely serve responses and objections, it is well-settled that AHI has waived them. See Fed. R. Civ. Proc. 45(d)(2)(B). *Isenberg v. Chase Bank USA, N.A.*, 661 F.Supp.2d 627, 629 (N.D. Tex.

2009) (failure to serve responses or objections within the timeframe contemplated by Rule 45 or commanded in the subpoena "typically constitutes waiver of such objections."). Thus, putting aside its (unsupported) contention that it has no responsive documents, this Court should not consider any objections by AHI.

**C. The Court Should Enforce the Subpoena Because the Documents Sought are Highly Relevant to Relators' Claims**

Relators' subpoena seeks highly relevant information needed to prove NMI's nationwide fraud against the U.S. "Relevance is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The Subpoena seeks information relevant to the False Claims Act elements of scienter, causation, falsity, and materiality, including documents concerning NMI's negotiations of its sham agreements; the actual, if any, services provided by third parties, including AHI, pursuant to the agreements; and documents concerning NMI's practice of illegally billing Medicare for home sleep tests in violation of 42 CFR 424.57(f). (Berger Decl. ¶3, Ex. B). These documents are highly relevant to the core elements of this fraud case against NMI.

**D. The Court Should Enforce the Subpoena Because It Does Not Subject AHI to an Undue Burden and AHI has Additional Responsive Documents**

Relators' subpoena also does not create an undue burden. The Court evaluates any potential undue burden to a non-party using both Rule 26 and Rule 45. *See Exxon Shipping Co. v. U.S. Dept. of Interior.*, 34 F.3d 774, 779 (9th Cir.1994). Under Federal Rule of Civil Procedure 26(b)(1), Relators are permitted to obtain discovery regarding any nonprivileged matters that are relevant to their claims, so long as the burden or expense of the proposed discovery does not outweighs its likely benefit. As explained above, the documents sought from NMI are relevant to Relators claims that NMI paid kickbacks to healthcare providers, including AHI to induce referrals of Medicare patients in violation of the Anti-Kickback Statute, the Stark Law, the payment

prohibition for sleep equipment and services, and the False Claims Act.

To the extent the Subpoena places any burden on AHI, Relators have made efforts to meet and confer with AHI to lessen the potential burden, without success. (Berger Decl. ¶¶ 8-10.) Additionally, the requests in the Subpoena have been narrowly tailored to seek information that is most readily obtainable from AHI, not NMI. AHI had a financial relationship with Defendant NMI between 2013 and 2019. Pursuant to Health and Safety Code § 123145, AHI is required to maintain all patient medical records for at least seven years. Despite AHI's contention that all documents in its possession have been produced, AHI is required to maintain copies of patient medical and billing records for all patients serviced by AHI and/or NMI between at least 2016 and 2019. Producing responsive documents for this three year period would not burden AHI and it is appropriate to seek these documents directly from AHI, which treated the patients and may or may not have provided services for the patients pursuant to its agreement with NMI.

The Subpoena does not subject AHI to an undue burden and should be enforced.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court order AHI to produce all documents responsive to the Subpoena.

Dated: March 22, 2023

**COTCHETT, PITRE & McCARTHY, LLP**

By: */s/Justin T. Berger*
JUSTIN T. BERGER
GRACE Y. PARK
THERESA E. VITALE
*Attorneys for Relators*

# PROOF OF SERVICE

I am employed in the County of Los Angeles. I am over the age of 18 years and not a party to this action. My business address is the Law Offices of Cotchett, Pitre & McCarthy, LLP, 2716 Ocean Park Blvd, Santa Monica, California 90405. On this day, I served the following document(s) in the manner described below:

**1. *QUI TAM* PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ENFORCE COMPLIANCE WITH SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

✓ **VIA E-MAIL:** My e mail address is amason@cpmlegal.com. I am readily familiar with this firm's practice for causing documents to be served by e-mail. Following that practice, I caused the aforementioned document(s) to be emailed to the addressee(s) specified below.

**[SEE ATTACHED SERVICE LIST]**

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Santa Monica, California, on March 22, 2023.

*/s/ Ashley Mason*
ASHLEY MASON

## SERVICE LIST

| | |
|---|---|
| ***VIA ECF***<br>Jason Pepe<br>Bradley W. Howard<br>Jared W. Barton<br>**BROWN & FORTUNATO, P.C.**<br>905 S. Fillmore, Suite 400 (79101)<br>P.O. Box 9418<br>Amarillo, TX 79105-9418<br>jpepe@bf-law.com<br>bhoward@bf-law.com<br>jbarton@bf-law.com | **COUNSEL FOR DEFENDANT NATIONWIDE MEDICAL, INC.** |
| ***VIA ECF***<br>Paul N. Jacobs<br>**JACOBS & DODDS**<br>2151 Michelson Drive<br>Suite 168<br>Irvine, CA 92612<br>pauljacobs@irvinebusinesslawyers.com | **COUNSEL FOR DEFENDANT NATIONWIDE MEDICAL, INC.** |
| ***VIA EMAIL & FIRST CLASS MAIL***<br>Angelo D. Miller<br>AHI SOLUTIONS, INC.<br>400 29th St. #208<br>Oakland, CA 94609 | **NON-PARTY**<br>AHI SOLUTIONS, INC. |